# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### STATESBORO DIVISION

| | | |
|---|---|---|
| LATASHA S.W. CHARLES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV616-135 |
| | ) | CR614-005 |
| UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Latasha S.W. Charles moves to vacate, set aside, or correct her sentence, under 28 U.S.C. § 2255. CR614-005 doc. 57.[1] Preliminary review under Rule 4(b) of the Rules Governing § 2255 Motions shows that her motion must be denied.

Charles' motion does not list *any* grounds for relief or allege any facts supporting relief. Doc. 57 at 4-10. Under the heightened pleading standard for habeas claims, "allegations must be factual and specific, not conclusory." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061

---

[1] The Court cites to the criminal case docket. Page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

(11th Cir. 2011); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[w]hatever the claim . . . the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition"). Since conclusory allegations are insufficient, a complete lack of factual allegations is clearly insufficient. Therefore, Charles' motion should be **DENIED**.

Charles' § 2255 motion is also untimely. She pled guilty on October 9, 2014. Doc. 57 at 1; doc. 55 at 1. She had one year from the date that her conviction became final to seek § 2255 relief. 28 U.S.C. § 2255(f). She didn't appeal her conviction. Doc. 57 at 2. Her judgment was final when the time for filing her appeal expired, *Latta v. U.S.*, 2010 WL 2593530 at * 1 n. 2 (S.D. Ga. May 24, 2010) -- 14 days after the entry of the judgment, Fed. R. App. P. 4(b)(1)(A)(i). The §2255(f) clock began to run, therefore, on October 23, 2014 and expired on October 23, 2015. She didn't file her motion until September 23, 2016[2] -- 336 days late --

---

[2] Under the prison "mailbox rule," a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison officials for mailing. *Williams v. McNeil*, 557 F.3d 1287, 1290 n. 2 (11th Cir. 2009). There is a presumption that the prisoner delivered the motion to officials on the date he signed it. *See Washington v. U.S.*, 243 F.3d 1299, 1301 (11th Cir.

without any explanation or excuse, *see* doc. 57 at 12. Her motion is thus untimely, and should be **DENIED** on that ground.

Charles' plea agreement's waiver also bars post-conviction relief. Doc. 54 at 6-7 (waiving her "right to a direct appeal of her conviction and sentence on any ground," subject to inapplicable exceptions, and her "right to collaterally attack her conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion"). Since she does not claim the double-waiver was not made knowingly and voluntarily, it should be enforced. *See Moreno-Romero v. U.S.*, 2016 WL 5110490 at * 2 (S.D. Ga. Sept. 20, 2016) (citing *Winthrop-Redin v. U.S.*, 767 F.3d 1210, 1219-20 (11th Cir. 2014).[3] Charles' § 2255 motion is barred, so her motion fails on that additional basis.

---

2001); *Watson v. U.S.*, 2016 WL 3581938 at * 1 (S.D. Ga. June 27, 2016). Charles did not date her motion. Doc. 57 at 13. The Court received the motion on September 27, 2016, but will honor the September 23, 2016 postmark date. *Id.* at 14.

[3] An appeal waiver is valid only if made knowingly and voluntarily, and the government must show its validity to enforce it. *Williams v. U.S.*, 396 F.3d 1340, 1341 (11th Cir. 2005). Since this case is under preliminary review, there is no government response brief or guilty-plea hearing transcript in the record to establish that Charles' waiver was knowing and voluntary. The record does show that, after a hearing, the Court confirmed her agreement and found that the plea was "made freely, voluntarily and knowingly." Doc. 54 at 11. Given that finding

Latasha S.W. Charles' § 2255 motion therefore should be **DENIED.** Because the Court discerns no worthy issues, it should also **DENY** her a Certificate of Appealability (COA). *See* 28 U.S.C. § 2253(c)(2); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* would therefore be moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written Fed. R. Civ. P. 72(b)(2) Objections to this R&R and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the Rule 72(b)(2) Objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district

---

and Charles' lack of factual allegation, the government is entitled to the benefit of its bargain: it gave her certain benefits in exchange for sparing the taxpayers the expense of responding to post-judgment sentence challenges.

judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that their failure to timely file Objections will result in the waiver of certain rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21st day of October, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA